```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

| | |
|---|---|
| DARRYL AUGUSTUS ALLEN, | 05-CV-6675 |
| Plaintiff, | |
| v. | **DECISION**<br>**and ORDER** |
| BARBARA R. DARBEY, CRAIG McNAIR,<br>& PRE-TRIAL SERVICES CORP., | |
| Defendants, | |

```
_____
```

### INTRODUCTION

Plaintiff Darryl Augustus Allen ("plaintiff" or "Allen"), proceeding pro se, brings this action against Barbara R. Darbey ("Darbey"), Craig McNair ("McNair") and Pre-Trial Services Corp. ("PTS")(collectively "defendants"), alleging various causes of action stemming from his discharge by his former employer, PTS. Specifically, plaintiff alleges that defendants: (1) violated his rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution; (2) discriminated against him on the basis of his gender and retaliated against him in violation of Title VII of the Civil Rights Act of 1964; and (3) violated certain portions of the New York State Penal Law.  In addition, plaintiff accuses the New York State Supreme Court, Appellate Division ("Appellate Division") of discrimination and the Administrative Law Judge ("ALJ") in plaintiff's unemployment benefits hearing as being biased in favor of defendants.

Presently, there are two motions for determination before the Court.  First, defendants move for an order, pursuant to Rule

12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure, dismissing Allen's claims for relief arguing that the Fourteenth Amendment applies only to actions by a State; the discrimination and retaliation claims are untimely and, even if plaintiff's claims are timely, the Complaint fails to state a cause of action for discrimination and retaliation; and plaintiff lacks standing to assert criminal claims against the defendants. Moreover, defendants assert that plaintiff stated no cognizable claim against the Appellate Division or the ALJ. Further, the Complaint fails to satisfy the pleading requirements of Rule 8. Second, plaintiff moves for summary judgment against defendants, arguing that defendants violated both the United States Constitution and the New York Constitution by rendering false testimony at plaintiff's unemployment hearing, retaliating and discriminating against plaintiff and objecting to plaintiff's receipt of unemployment benefits.

For the reasons set forth below, defendants' motion to dismiss is granted and plaintiff's motion for summary judgment is denied.

## BACKGROUND

Plaintiff was employed by PTS from April 11, 1998 to November 7, 2003. PTS provides services for pre-trial and post-conviction clients. It is not a federal, state, county or municipal agency but it is an independent, non-profit member corporation pursuant to Section 501(c)(3) of the Internal Revenue Service Code. As such neither the federal government nor the State of New York exercises any control over the day to day operations of PTS, including its

2

personnel policies and practices. Plaintiff was initially hired as a part-time security officer and in 2002 he obtained a full time position as a Day Reporting Counselor. PTS' written policies required plaintiff, as a prerequisite to his employment as a Day Reporting Counselor to obtain and maintain eligibility for a Monroe County Sheriff's Department ("MCSD") jail pass.

Pursuant to both MCSD and PTS policies, use of a jail pass for personal business is strictly prohibited. Plaintiff executed a jail pass application form acknowledging his understanding that failing to abide by MCSD's policies concerning the use of a jail pass would result in the loss of his jail privileges. On October 30, 2003, the MCSD informed defendants that it had revoked plaintiff's jail pass after determining that his use of the pass presented a security breach. In particular, the MCSD stated that plaintiff had improperly used his jail pass during off visiting hours and in a portion of the jail not open to families and friends of inmates in order to visit the mother of his children, who had been incarcerated in the Monroe County jail.

Because possession of a valid jail pass is an indispensable part of plaintiff's employment as a Day Reporting Counselor, PTS initially suspended plaintiff for two weeks expecting that MCSD would eventually reinstate plaintiff's jail pass. However, during the suspension period MCSD notified PTS that it would not reissue plaintiff's jail pass under any circumstances. Accordingly, on November 7, 2003 Darbey and McNair informed plaintiff that due to the revocation of his jail pass, his employment with PTS was being

terminated. During the meeting, plaintiff notified Darbey and McNair that he intended to submit an application for unemployment benefits to the New York State Department of Labor ("NYSDOL"). Both Darbey and McNair informed plaintiff that they would not object to any request for unemployment benefits that he might make.

Plaintiff applied for unemployment benefits, which were denied by the NYSDOL. Plaintiff appealed the NYSDOL's denial of benefits and an administrative hearing was held before an ALJ on or about March 24, 2004. At the hearing, both Darbey and McNair offered factual testimony regarding events surrounding plaintiff's termination. However, neither opposed plaintiff's application for unemployment benefits or expressed an opinion as to whether plaintiff was entitled to the benefits. Thereafter, the ALJ denied plaintiff's appeal. Following the denial, plaintiff initiated two appeals from the ALJ's decision to the State of New York. Both appeals were denied.

In plaintiff's summary judgment papers he states defendants committed perjury at the March 24, 2004 hearing before the ALJ by rendering testimony that was false regarding a March 24, 2004 "written warning" and also as to whether plaintiff visited the Monroe County jail on October 30, 2003. See Plaintiff's Statement of Facts at pp. 1-4. He further claims that PTS violated certain policies with respect to assigning supervisory duties among its employees. Id. Plaintiff also states that he was retaliated against when he reported an improper relationship between another Day Reporting Counselor and a parolee. Id. Moreover, he states

4

that defendants objected to his receipt of unemployment benefits in spite of assurances that they would not do so.  Id.

On August 1, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that PTS had discriminated and retaliated against him on the basis of his male gender.  The EEOC issued a "Dismissal and Notice of Rights" dismissing plaintiff's EEOC charge as untimely.  On August 11, 2005, the EEOC issued a 90-day Right to Sue letter to plaintiff.  On November 23, 2005, plaintiff commenced the instant action against the defendants alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act.

## DISCUSSION

I.  Motions to Dismiss and for Summary Judgment

    A.  Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants argue that the Court should dismiss plaintiff's Constitutional claims under the Fourteenth Amendment as well as its discrimination and retaliation claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, defendants argue that plaintiff's criminal claims against defendants and his claims against the Appellate Division and the ALJ should be dismissed on the grounds that plaintiff has stated no cognizable claim against either.  Finally, defendants argue that plaintiff has failed to comply with the requirements of Rule 8 and thus, the Complaint must be dismissed.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the complaint where the plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2nd Cir. 1993), cert. denied, 513 U.S. 1014, 115 S.Ct. 572 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  For the reasons set forth below, I hereby grant defendants' motion to dismiss plaintiff's Complaint with prejudice.

B.   Plaintiff's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, the party seeking summary judgment bears the burden of demonstrating that no genuine issue of material fact exists and all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. Ford

v. Reynolds, 316 F.3d 351, 354 (2d Cir.2003) (citing Marvel Characters v. Simon, 310 F.3d 280, 285-86(2d Cir.2002)); Gallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2nd Cir. 1994). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Gallo, 22 F.3d at 1224.

Plaintiff argues that he is entitled to summary judgment with respect to defendants' violation of his Fourteenth Amendment rights by rendering false testimony at plaintiff's unemployment hearing. In addition plaintiff claims to be entitled to summary judgment because of defendant's violation of his Title VII discrimination and retaliation claims. For reasons set forth below, I hereby deny plaintiff's motion for summary judgment with respect to all of his claims for relief set forth in his Complaint.

II. Equal Protection and Due Process claims under the Fourteenth Amendment

Plaintiff avers that defendants have violated his rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. However, the Fourteenth Amendment is only applicable to actions by a State. See San Francisco Arts & Athletics, Inc. v. United States Olympic Committee, 483 U.S. 522, 542 n.21 (1987) (Supreme Court concluded that although United States Olympic Committee was established under federal law, it is still private, not-for-profit corporation and may not be considered state actor subject to suits under Fourteenth Amendment); D'Alessio

7

v. SEC, 380 F.3d 112, 120 (2d Cir. 2004); see also Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 137-39 (2d Cir. 2002), *cert. denied,* 531 U.S. 1069 (2002) (Second Circuit held that National Association of Securities Dealers, a self-regulatory dealer, is not a state actor subject to due process requirements); United States v. Int'l Bhd. of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992) (U.S. Constitution regulates only government entities and not private parties and as such litigant claiming that his constitutional rights have been violated must initially show that challenged conduct constitutes state action).

    Here, it is clear that PTS is not a state actor and plaintiff has failed to establish that PTS is a federal, state, county or municipal governmental agency. PTS is an independent, non-profit member corporation organized and existing under Section 501(c)(3) of the Internal Revenue Services Code and neither the State of New York or the federal government exercises any control over its day-to-day operations, policies and procedures. Accordingly, because plaintiff has failed to establish that PTS is a state actor, plaintiff's Fourteenth Amendment claim is dismissed.

    III. Timeliness of the Complaint

    In order to be timely, a claim under Title VII must be filed within 90 days of the claimant's receipt of a right-to-sue letter. 42 U.S.C. §2000e-5(f)(1). Suits filed more than ninety days after a plaintiff's receipt of the right-to-sue letter are untimely. See Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994); Holowecki v. Federal Exp. Corp., 440 F.3d 558 (2d Cir. 2006); Laurey v. Chemung

8

County Dept. of Soc. Serv., 327 F. Supp. 2d 247, 250 (W.D.N.Y. 2004) (For a Title VII claim to be timely, it must be filed within 90 days of plaintiff's receipt of a right-to-sue letter); Dean v. New York City Transit Auth., 297 F.Supp.2d 549 (E.D.N.Y. 2004).

Here, there is no dispute that plaintiff filed an EEOC charge against PTC, alleging discrimination and retaliation on the basis of his male gender on August 1, 2005.  The charge filed by plaintiff was dismissed by the EEOC as untimely, and on August 11, 2005, the EEOC issued to plaintiff a 90-day Right to Sue letter. Yet plaintiff did not file the instant law suit until November 23, 2005, which is 104 days after his 90-day Right to Sue letter was mailed to him, and 101 days after he is presumed to have received it.  See, e.g., Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) ("Normally it is assumed that a mailed document is received three days after its mailing); Paninski v. Onondaga County Dept. of Corrections, 2004 WL 719157 at *2-3 (N.D.N.Y. 2004).

Accordingly, I find that plaintiff's Title VII discrimination and retaliation claims are untimely, and that defendants are entitled to dismissal of the Complaint.  Since I find plaintiff's discrimination and retaliation claims under Title VII of the Civil Rights Act to be untimely, there is no need to discuss the merits of plaintiff's claims.

IV. <u>New York State Penal Law Claims against Defendants;</u>
    <u>Claims against the Appellate Division and the ALJ</u>

Plaintiff's Complaint mentions portions of the New York State Penal Law and appears to assert criminal claims against the defendants. However, plaintiff lacks standing to assert claims arising under the New York State Penal Law. <u>See</u> <u>Ali v. Przbyl</u>, 2004 WL 1682774 (W.D.N.Y.); <u>Ali v. Timmons</u>, 2004 WL 1698445 (W.D.N.Y.). In addition, to the extent that plaintiff is alleging that Darbey and McNair committed perjury and are subject to criminal charges, there is no civil cause of action for perjury in New York. <u>See</u> <u>Burbrooke Mfg. Co. v. St. George Textile Corp.</u>, 283 A.D. 640 (1st Dept. 1954); <u>Alexander v. City of Peekskill et al.</u>, 80 A.D.2d 626 (2d Dept. 1981); <u>Lau v. Berman</u>, 6 Misc.3d 934, 936 (New York Cty. Civ, Ct. 2004). Further, there has been no prior finding of perjury by a criminal court and thus, plaintiff has failed to state a cognizable claim as a matter of law. Accordingly, defendants are entitled to dismissal of these claims.

Further, plaintiff has failed to state a cognizable claim in his remaining claims against the Appellate Division or the ALJ. It is a well settled rule that a judge is absolutely immune from suit for any actions taken within the scope of his judicial responsibilities. <u>See</u>, *e.g.*, <u>Mireles v. Waco</u>, 502 U.S. 9, 112 S.Ct. 286 (1991); <u>Butz v. Economon</u>, 438 U.S. 478, 511-13, 98 S.Ct. 2894, 2913-14 (1978); <u>Maestri v. Jutkofsky</u>, 860 F.2d 50, 52-53 (2d Cir. 1988), *cert. denied*, 489 U.S. 1016 (1989). A long established doctrine, judicial immunity is necessary because "principled and

fearless decision-making" will be compromised if a judge "fear[s] that unsatisfied litigants may hound him with litigation charging malice or corruption." Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 12 18 (1967).  Here, the ALJ denied plaintiff's appeal from a denial of unemployment benefits after an administrative hearing was held before the ALJ and the Appellate Division denied plaintiff's subsequent appeals from the ALJ's determination.  Thus, plaintiff's claims against the Appellate Division and the ALJ are also dismissed.

## **CONCLUSION**

I find that plaintiff's Fourteenth Amendment claim against the defendants Darby, McNair and Pre-Trial Services Corp. are dismissed because neither of them are state actors.  I find that plaintiff's Title VII claims are untimely and moreover fails to state a claim upon which relief can be granted.  I find that the plaintiff has failed to state a cognizable claim against the Appellate Division and the ALJ because each are protected by judicial immunity.  Accordingly, defendants' motion to dismiss is granted, Allen's complaint is dismissed in its entirety and plaintiff's motion for summary judgment is denied with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          August 28, 2006